```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NITESH AHLUWALIA,

                              Plaintiff,
                                                              MEMORANDUM OF
           -against-                                          DECISION AND ORDER
                                                              13-CV-3735 (ADS)(GRB)
ST. GEORGE'S UNIVERSITY, LIMITED; ST. GEORGE'S
UNIVERSITY, LLC.; UNIVERSITY SUPPORT SERVICES,
LLC; C.V. RAO, individually and as Dean of Students, St.
George's University; STEPHEN WEITZMAN, individually and
as Dean, St. George's University School of Medicine; JAMES
ROBINSON, individually and as Assistant Dean of Students, St.
George's University; DANIELLE ROSEN; and DOES I-XX,
inclusive,

                              Defendants.
----------------------------------------------------------------------X
```

**APPEARANCES:**

**The Bach Law Firm, LLC**
*Attorneys for the Plaintiff*
6053 South Fort Apache Road, Suite 130
Las Vegas, NV 89148
   By: Jason J. Bach, Esq., Of Counsel

**Proskauer Rose, LLP**
*Attorneys for the Defendants St. George's University, Limited; St. George's University, LLC; University Support Services, LLC, C.V. Rao; Stephen Weitzman; and James Robinson*
Eleven Times Square
New York, NY 10036
   By: Charles S. Sims, Esq.
        Gerald William Sawcyn, Esq., Of Counsel

**Fumuso, Kelly, DeVerna, Snyder, Swart & Farrell, LLP**
*Attorneys for the Defendant Danielle Rosen*
110 Marcus Boulevard
Hauppague, NY 11788
   By: Catherine Ann Brennan, Esq.
        Joseph P. Rosh, Esq., Of Counsel

**NO APPEARANCES:**

Does I-XX

**SPATT, District Judge.**

On July 2, 2013, the Plaintiff Nitesh Ahluwalia (the "Plaintiff") commenced this action by filing a Complaint against the Defendants St. George's University, Limited; St. George's University, LLC.; University Support Services, LLC; C.V. Rao, individually and as Dean of Students, St. George's University ("Rao"); Stephen Weitzman, individually and as Dean, St. George's University School of Medicine ("Weitzman"); James Robinson, individually and as Assistant Dean of Students, St. George's University ("Robinson"); Danielle Rosen ("Rosen"); and Does I–XX, inclusive (collectively, the "Defendants"). The Plaintiff brings claims alleging (1) breach of contract; (2) negligent hiring, training and supervision; (3) intentional infliction of emotional distress; (4) defamation, libel and slander; and (5) intentional interference with contractual relations and prospective advantage. He seeks compensatory and punitive damages, attorney's fees and costs; and injunctive relief.

On August 22, 2013, the Defendant Rosen filed an Answer to the Complaint and alleged a counter claim against the Plaintiff for assault and battery. Rosen filed an Amended Answer on September 11, 2013.

On September 20, 2013, the Defendants St. George's University, LLC; St. George's University, Limited; and University Support Services, LLC filed a motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(5) and 12(b)(6). Also on September 20, 2013, the Defendants Rao, Weitzman and Robinson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6). Thereafter, on October 10, 2013, despite having filed an Answer and Amended Answer, the Defendant Rosen also filed a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6).

On April 2, 2014, the Defendants St. George's University LLC; St. George's University, Limited; University Support Services, LLC; Rao; Weitzman and Robinson (collectively, the "moving Defendants") filed a letter motion advising the Court that this action should be dismissed without prejudice because the Court lacks subject matter jurisdiction. On April 3, 2014, the Court directed the

2

moving Defendant to file a formal motion in accordance with the Local Rules and this Court's Individual Rules.

On April 14, 2014, the moving Defendants filed a second letter and respectfully asked that the Court consider their request to dismiss this action without prejudice for want of subject matter jurisdiction without a formal motion. The moving Defendants explained that under Fed. R. Civ. P. 12(h)(3), a formal motion was not required in order for the Court to dismiss for lack of subject jurisdiction, because, once the absence of subject matter jurisdiction becomes apparent, dismissal is mandatory. The moving Defendants also pointed out that the Plaintiff has not filed any opposition to their request.

In light of the moving Defendants' April 2, 2014 and April 14, 2014 letters, the Court will now consider whether dismissal of this action is appropriate due to a lack of subject matter jurisdiction. In this case, the Plaintiff brings only state law causes of action. Generally, in order to exercise federal subject-matter jurisdiction over a state law claim, courts "require [ ] complete diversity between all plaintiffs and all defendants [.]" Manginelli v. Homeward Residential, Inc., No. 13 CV 2334(SJF) (AKT), 2013 WL 6493505, at *4 (E.D.N.Y. Dec. 9, 2013) (quoting Lincoln Property Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)) (internal brackets omitted). In this regard, "[d]iversity exists pursuant to 28 U.S.C. § 1332(a)(2) [ ] when an action is between 'citizens of a State and citizens or subjects of a foreign state,' or pursuant to § 1332(a)(3) when the action is between 'citizens of different States and in which citizens or subjects of a foreign state are additional parties.'" IGY Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd., 534 F. Supp. 2d 446, 448 (S.D.N.Y. 2008). Where there is not complete diversity between the parties, this Court lacks subject matter jurisdiction. See 28 U.S.C. § 1332(a)(1); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553–54, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ( "Incomplete diversity destroys original jurisdiction with respect to all claims.").

Relevant here, "diversity does not exist within the meaning of [28 U.S.C. § 1332(a)(2) or 1332(a)(3)] where on both sides of the dispute the parties are all foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." IGY Ocean Bay Properties, Ltd., 534 F. Supp. 2d at 448 (citing Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580–81 (2d Cir. 2002)). Indeed, "[w]hile 28 U.S.C. § 1332(a)(2) permits diversity jurisdiction in cases between 'citizens of a State and citizens or subjects of a foreign state,' the Second Circuit has held that diversity is absent where there are foreign parties on both sides of the case." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 73 (S.D.N.Y. 2013) (citing Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).

Here, the Plaintiff is a citizen and resident of Canada. The Defendant St. George's University Limited is an educational institution located on the island of Grenada, West Indies. It is incorporated and has its primary place of business in Grenada, and is therefore a citizen of Grenada. See Utopia Studios, Ltd. v. Earth Tech, Inc., 607 F. Supp. 2d 443, 445 (E.D.N.Y. 2009) ("It is well-settled that, for diversity jurisdiction purposes, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business."). In addition, the Defendants Rao and Robinson are also Grenadian citizens.

As such, regardless of the citizenship of the other parties to this action, because there are foreign parties on both sides of this case, diversity is absent and the Court may not exercise subject matter jurisdiction over the lawsuit. See, e.g., Pik v. Inst. of Int'l Educ., 08 CIV. 3909 (NRB), 2008 WL 4922112, at *3, *6 (S.D.N.Y. Nov. 10, 2008) ("Thus, regardless of the citizenships of [the other defendants, one of which was a New York corporation], foreign citizens are present as both a plaintiff and a defendant, and therefore complete diversity does not exist. . . . [T]he action is dismissed in its entirety."); Chadwick v. TKO Records, 03 CIV. 10019 (AKH), 2004 WL 885820, at *1, *2 (S.D.N.Y. Apr. 20, 2004) ("In this case, there are both foreign plaintiffs and foreign defendants, and although

there are plaintiffs who are United States citizens, there are no defendants who are United States citizens. Accordingly, the rule requiring complete diversity is not satisfied. . . . Where jurisdiction is lacking, [ ] dismissal is mandatory. Accordingly, because I find diversity jurisdiction lacking in this case, and no other basis for jurisdiction is alleged, I dismiss the case.") (citation and internal quotation marks omitted). See also Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action.").

Therefore, the Court dismisses the Plaintiff's action without prejudice for lack of subject matter jurisdiction and directs the Clerk of the Court to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 17, 2014 _____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge